IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ELIJAH BEN PASCHELKE,**

    Petitioner,

v.                                 **CIVIL ACTION NO. 3:11-CV-77**
                                      **CRIMINAL ACTION NO. 3:07-CR-97-2**
                                        **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull.  By Local Rule, this action was referred to Magistrate Judge Kaull for submission of a proposed report and a recommendation ("R&R").  Magistrate Judge Kaull filed his R&R on March 3, 2014 [Crim. Doc. 145].  In that filing, the magistrate judge recommended that this Court deny and dismiss with prejudice the petitioner's section 2255 habeas corpus petition [Doc. 116]  [*See* Doc. 145 at 18].

Pursuant to 28 U.S.C. § 636 (b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b).  The docket sheet reflects that service was accepted on March 10, 2014 [Doc. 146].  To date, no objections have been filed.

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 145]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report, with two comments.

First, this Court does not agree with the Magistrate Judge that the exception in the post-conviction waiver in any way alters the standard to be applied by this Court in reviewing a claim of ineffective assistance of counsel following a guilty plea.  *See* **Fields v. Attorney Gen. of Md.**, 956 F.2d 1290, 1297 (4th Cir. 1992).

Second, during the plea colloquy, the petitioner expressed satisfaction with counsel's performance, including that there was nothing that he thought that they should have done and did not do.  Such a statement is binding upon the petitioner absent clear and convincing evidence to the contrary.  *See* **Fields**, *supra*.

In all other respects, this Court **ADOPTS** the Report and Recommendation.

As such, the Court hereby **DENIES and DISMISSES with prejudice** the petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2255 **[Crim. Doc. 116; Civ. Doc. 1]**.

2

Therefore, this matter is hereby **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the respondent.

As a final matter, although the petitioner has waived his right to appeal this Order, this Court finds that the petitioner has not made the requisite "substantial showing of the denial of a constitutional right " for a certificate of appealability; accordingly, this Court hereby **DENIES** a certificate of appealability to the extent that the petitioner might seek one from this Court. See 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** April 4, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE